UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Denise Rowan,

      Plaintiff,

v.                                                         Case No. 12-10034

Patrick R. Donahoe, Postmaster General                     Honorable Sean F. Cox
of the United States Postal Service,

_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Acting *pro se*, Plaintiff Denise Rowan ("Plaintiff") filed this employment discrimination

action against Defendant Patrick R. Donohoe, Postmaster General of the United States Postal

Service ("Defendant" or "the Postal Service") on January 4, 2012.  After the close of discovery,

Defendant filed a Motion for Summary Judgment on May 3, 2013.  Despite this Court ordering

Plaintiff to show cause why the motion should not be granted, Plaintiff failed to respond to the

motion.  The Court finds that oral argument would not aid the decisional process.  *See* Local

Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that

the motion will be decided without a hearing.  For the reasons set forth below, the Court shall

GRANT Defendant's Motion for Summary Judgment.

## BACKGROUND

Acting *pro se*, Plaintiff filed this action on January 4, 2012.  Plaintiff's complaint alleges

that the Postal Service failed to employ her and subjected her to "harassment, discrimination,

intimidation" based upon an unspecified ADA-defined disability.  (*See* Compl., Docket Entry

No. 1, at ¶¶ 9-10).

Following the close of discovery, the Postal Service filed a Motion for Summary Judgment on May 3, 2013.  On May 8, 2013, this Court notified Plaintiff that the motion had been filed and that the motion would be heard by the Court on August 29, 2013.  Nevertheless, Plaintiff failed to file any response to the motion within the time period permitted for doing so.

In light of Plaintiff's *pro se* status, on June 3, 2013, this Court issued an Order to Show Cause, wherein the Court ordered Plaintiff to "**TO SHOW CAUSE**, in writing, no later than **June 17, 2013**, why the unopposed pending Motion for Summary Judgment filed by Defendant should not be granted.  **Plaintiff is cautioned that failure to file a timely response to this Order may result in her case being dismissed for failure to prosecute and/or failure to comply with this Court's orders.**"  (Docket Entry No. 34) (bolding in original).

After Plaintiff failed to respond to the Show Cause Order, on July 8, 2013, this Court issued a Notice cancelling the August 29, 2013 hearing and advising the parties that the motion would be decided without oral argument.  (Docket Entry No. 35).

## ANALYSIS

Defendant's Motion for Summary Judgment is brought pursuant to Fed. R. Civ. P. 56.  Defendant's motion accurately states the legal standard that applies to the motion:

> Under Fed. R. Civ. P. 56, summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The Defendant has the initial burden of showing "that there is an absence of evidence to support the non-moving party's case."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  In opposition to the motion, the non-moving party may not rest on mere allegations, conclusory statements, or denials, but must instead proffer specific facts showing that a genuine issue exists for trial.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Summary judgment must be entered against "a party who fails to

2

> make a showing sufficient to establish the existence of an element essential to that
> party's case, and on which that party will bear the burden of proof at trial."
> *Celotex Corp., supra.*

(Def.'s Br. at 2).

Defendant seeks dismissal of Plaintiff's compliant on several grounds. First, Defendant asserts that it is entitled to summary judgment because Plaintiff cannot establish that the complained of conduct was severe or pervasive enough to amount to an actionable hostile work environment. (Def.'s Br. at 4-10). Second, Defendant seeks summary judgment on the ground that Plaintiff cannot establish that the complained of conduct was based on her alleged disabilities or any prior protected activity. (Def.'s Br. at 10-12). Third, Defendant argues that it is entitled to summary judgment because Plaintiff cannot produce any evidence of disability discrimination and, as a result, she cannot establish a prima facie case of disability discrimination and, even if she could, she cannot establish that Defendant's legitimate non-discriminatory reasons for its actions are a pretext for unlawful discrimination. (Def.'s Br. at 12-18).

Having reviewed Defendant's motion, the Court concludes that Defendant has met its initial burden of showing that there is an absence of evidence to support Plaintiff's claims.

Despite this Court having *ordered* Plaintiff to show cause why Defendant's motion should not be granted, Plaintiff has not filed any response in opposition to Defendant's *properly supported* Motion for Summary Judgment. As such, Plaintiff has failed to meet her burden of proffering specific facts showing that a genuine issue exists for trial.

Accordingly, the Court shall grant Defendant's Motion for Summary Judgment and dismiss this action with prejudice.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Dated:  August 2, 2013                    S/ Sean F. Cox_____
                                          Sean F. Cox
                                          U. S. District Court Judge


I hereby certify that on August 2, 2013, the foregoing document was served upon counsel of record by electronic means and upon Denise Rowan by First Class Mail at the address below:

Denise Rowan
4953 Lore Drive
Waterford, MI 48329


Dated:  August 2, 2013                    S/ J. McCoy_____
                                          Case Manager

4